QUINN EMANUEL URQUHART & SULLIVAN LLP
  Joseph M. Paunovich (Bar No. 228222)
  joepaunovich@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorney for Plaintiff Moldex-Metric, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MOLDEX-METRIC INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>SWEDSAFE AB, a Swedish company,<br><br>          Defendant. | CASE NO. 2:17-cv-07571 R (AGRx)<br><br>**PLAINTIFF'S MOTION TO AUTHORIZE USE OF ALTERNATIVE METHOD OF SERVICE OF COMPLAINT**<br><br>Hon. Manuel L. Real |

# PLAINTIFF'S MOTION TO AUTHORIZE USE OF ALTERNATIVE METHOD OF SERVICE OF COMPLAINT

Pursuant to Federal Rule of Civil Procedure ("Rule") 4(f)(3), Plaintiff Moldex-Metric, Inc. ("Moldex") respectfully moves this Court for entry of an Order to authorize the use of an alternative method of service of the Complaint[1] on Defendant SwedSafe AB ("SwedSafe"). Specifically, Moldex requests that the Court either find Moldex's service of the Complaint on SwedSafe via mail and email sufficient to satisfy service of process in this case, or permit Moldex to again serve SwedSafe via these methods after this Court enters this Order. If the Court does not find this service to be sufficient, Moldex alternatively requests that this Court authorize service of process "by other means, not prohibited by international agreement, as the court orders." Rule 4(f)(3).[2] In support of this motion, Plaintiff states as follows:

The Supreme Court has held that the Hague Service Convention does not prohibit service by mail if: (1) the receiving state has not objected to service by mail; and (2) service by mail is authorized under otherwise-applicable law. *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513, 197 L. Ed. 2d 826 (2017). Similarly, the Hague Service Convention also "does not expressly prohibit e-mail service." *Sec. & Exch. Comm'n v. Jammin Java Corp.*, No. 215CV08921SVWMRW, 2016 WL 6650849, at *2 (C.D. Cal. Apr. 21, 2016); *see also Toyo Tire & Rubber Co. v.*

---

[1] "Complaint" includes the following documents (and copies translated into Swedish): the Complaint (both the publicly filed version and the version filed under seal), Civil Coversheet, Summons, Notice of Interested Parties, Notice of Related Cases, Notice of Assignment to United States Judge, Judge Real's Order re Notice to Counsel, and Order Granting Moldex's Application to File Under Seal.

[2] If the Court orders service of process by other means, including pursuant to Rule 4(f)(2)(C)(ii), Moldex respectfully requests a reasonable number of days to complete service. *See* Plaintiff's Motion to Extend Time to Serve Complaint (filed simultaneously with this motion).

*CIA Wheel Grp.*, No. 15-0246-DOC (DFMX), 2016 WL 1251008, at *2 (C.D. Cal. Mar. 25, 2016) (applying the same test to email service).

Sweden has not objected to service by mail or to other alternative means of service as permitted by Article 10(a) of the Hague Service Convention.  *See* Central Authority & Practical Information for Sweden, (last accessed April 18, 2018), https://www.hcch.net/en/states/authorities/details3/?aid=275 (indicating "No opposition" to Art. 10(a)); *see also Bd. of Trustees of Galveston Wharves v. Trelleborg, AB*, No. CV 10-2319-GW(FFMX), 2010 WL 11508414, at *12 (C.D. Cal. Nov. 22, 2010) (noting Sweden has not objected to Article 10 and granting permission to complete service by mail to Swedish defendant after unsuccessful service via the Hague Service Convention).  Because Sweden has not objected to these methods, the question of whether service by mail or email is authorized is therefore governed by Rule 4(f).  *Brockmeyer v. May*, 383 F.3d 798, 808–09 (9th Cir. 2004).

Rule 4(f) limits service of a foreign defendant to a handful of methods, including Rule 4(f)(1), which incorporates the Hague Service Convention, Rule 4(f)(2)(C)(ii), which permits the clerk of the court to mail the summons and complaint to the defendant, and Rule 4(f)(3), which permits service "by other means not prohibited by international agreement, as the court orders."  Importantly, "Rule 4(f) does not create a hierarchy of preferred methods of service of process," nor does Rule 4(f)(3) contain any "qualifiers or limitations" which would indicate that it is a "last resort" or "extraordinary relief."  *Bd. of Trustees*, 2010 WL 11508414 at *12 ("Rather, '[i]t is merely one means among several which enables service of process on an international defendant.") (internal citations omitted); *see also Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (Rule 4(f)(3) may allow the court to order an alternative method of service "even if other methods remain incomplete or unattempted").  Although any one of these methods may be permissible under Rule 4(f)(3), the method "must also comport with

constitutional notions of due process," meaning it must be "reasonably calculated, under all circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Microsoft Corp. v. Gameest Int'l Network Sales Co.*, No. 17-CV-02883-LHK, 2017 WL 4517103, at *5 (N.D. Cal. Oct. 10, 2017) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

The mailing of a complaint can constitute sufficient service of process under Rule 4. *See, e.g.*, *Bd. of Trustees*, 2010 WL 11508414 at *12 (permitting service by certified mail). Moldex mailed the Complaint to SwedSafe via FedEx International Priority mail on April 13, 2018, and received confirmation that the package was delivered on April 18, 2018. Paunovich ¶ 8. The package was delivered to and signed by Mats Linhamre, who is listed as a contact person on SwedSafe's website. Paunovich ¶ 8. A proof of service for this mailing is attached. Paunovich ¶ 8 (Exhibit 5). The Complaint was also mailed to SwedSafe on April 19, 2018 via international certified mail with return receipt requested. Paunovich ¶ 9. A proof of service for this mailing is also attached. Paunovich ¶ 9 (Exhibit 7). Both of Moldex's mailings of the Complaint to SwedSafe's known address, as well as the confirmation of the FedEx delivery, is "reasonably calculated" to give SwedSafe notice of this lawsuit and an opportunity to respond. Moldex therefore respectfully requests that this Court find these mailings—alone, together, or in conjunction with the email service (below)—to be sufficient for service of the Complaint on SwedSafe.

The emailing of a complaint has also been found to be a sufficient means of service under Rule 4. *See, e.g.*, *Rio Properties, Inc.*, 284 F.3d at 1017 (finding service of process by email was not only proper, but also "the method of service most likely to reach [the defendant]"); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) ("[S]ervice by email appears to be not only reasonably calculated to provide actual notice to the

Foreign Defendants but the method most likely to apprise [them] of the action"). Moldex emailed the Complaint to Goran Berg, the CEO and Managing Director of SwedSafe on April 13, 2018. Paunovich ¶ 7. Mr. Berg is Moldex's principal contact at SwedSafe and he is also listed as a contact on SwedSafe's website. Paunovich ¶ 7. This email was successfully delivered to the intended email provider and no bounce-back was received. Paunovich ¶ 7. A proof of service for this email is attached. Paunovich ¶ 7 (Exhibit 4). Moldex's emailing of the Complaint to the email address of SwedSafe's CEO and Managing Director Goran Berg, who is also Moldex's primary contact at SwedSafe, is "reasonably calculated" to give SwedSafe notice of this lawsuit and an opportunity to respond. This is especially true given that SwedSafe has an online presence and lists Mr. Berg's email address as a contact on its own website. *See Microsoft Corp. v. Gameest Int'l Network Sales Co.*, No. 17-CV-02883-LHK, 2017 WL 4517103, at *5 (N.D. Cal. Oct. 10, 2017) ("As other courts in this district have noted, where defendants conduct commercial internet activities, email service is reasonably calculated to apprise them of the suit and thus comports with due process."). Moldex therefore respectfully requests that this Court find this email, either alone or in conjunction with the mailings, to be sufficient for service of the Complaint on SwedSafe.

Alternatively, Moldex is prepared to swiftly carry out service of the Complaint on SwedSafe by any other method this Court deems appropriate pursuant to Rule 4(f)(3).[3] Moldex is also sending a package containing the Complaint and receipt of service to the Clerk of this Court (along with the chambers copy of this filing) to be sent to SwedSafe, pursuant to Rule 4(f)(2)(C)(ii), in the event that this type of service is deemed the most appropriate.

---

[3] Moldex is also prepared to again serve SwedSafe by mail or email if this Court authorizes these alternative methods of service, but requires that service take place after this Court's Order is entered.

For the foregoing reasons, Moldex respectfully requests that this Court enter an Order to authorize the use of alternative service of the Complaint on SwedSafe.

DATED: April 19, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/

Joseph M. Paunovich (Bar No. 228222)
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorney for Plaintiff Moldex-Metric, Inc.*